IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01609-PAB-KMT

TRACY LYNN STEVENSON,

     Plaintiff,

v.

SCHNEIDER ELECTRIC U.S.A., INC.,

     Defendant.

---

## ORDER

---

     This matter is before the Court on the motion for remand [Docket No. 18] filed by plaintiff Tracy Lynn Stevenson and the Motion to Strike Portions of Plaintiff's Motion for Leave to File Amended Complaint and for Remand [Docket No. 31] filed by defendant Schneider Electric USA, Inc.[1]

## I.  BACKGROUND[2]

     On May 13, 2013, Ms. Stevenson filed this action in the District Court for the City and County of Denver, Colorado.  Docket No. 1 at 1.  Ms. Stevenson indicates that she is legally disabled and recently had surgery on her hip and back.  Docket No. 1-1 at 2, ¶ 10.   Ms. Stevenson and her husband, Ronald Stevenson, divorced in 2003.  *Id.* at 2, ¶ 7.  After the divorce, Ms. Stevenson continued to be medically insured by defendant,

---

[1]The portion of plaintiff's motion requesting authorization to file an amended complaint was addressed in a separate order.  *See* Docket No. 42.

[2]Unless otherwise indicated, the following facts are drawn from plaintiff's original complaint [Docket No. 1-1], as this was the operative pleading at the time defendant removed the case to this Court.  *See* Docket No. 1.

her husband's employer.  *Id.* at 2, ¶¶ 8-9.  On January 1, 2013, Mr. Stevenson removed

Ms. Stevenson from defendant-sponsored health insurance.  *Id.*  In order to acquire

substitute health insurance coverage through Medicare, Ms. Stevenson needed

defendant to complete a "Request for Employment Information" ("REI") form. *Id.* at 2, ¶

11.

On November 1, 2012, Ms. Stevenson served defendant with a writ of continuing

garnishment pursuant to the divorce action between Ms. Stevenson and Mr. Stevenson.

Docket No. 1-1 at 2-3, ¶ 13.  Ms. Stevenson admits that defendant paid the

garnishment starting on December 1, 2012, but claims that defendant failed to pay

amounts owed during the November 2012 pay periods.  *Id.* at 3, ¶ 14.

In her original complaint, Ms. Stevenson sought injunctive relief requiring

defendant to complete the REI form and brought additional claims of breach of contract,

aiding and abetting breach of fiduciary duties, civil conspiracy, and a monetary

judgment for failure to comply with the writ of garnishment.  Docket No. 1-1 at 3-6.  Ms.

Stevenson also sought exemplary and punitive damages.  *Id.* at 7.

On June 19, 2013, defendant removed the case to this Court pursuant to 28

U.S.C. § 1441, claiming that this Court had subject matter jurisdiction pursuant to 28

U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity).  Docket No. 1.  With

regard to federal question jurisdiction, defendant argued that Ms. Stevenson's claims

were pre-empted by the Employee Retirement Income Security Act of 1974 ("ERISA"),

pursuant to 29 U.S.C. § 1002(1), and therefore arose under federal law.  Docket No. 1

at 4.  With regard to diversity jurisdiction, defendant argued that the amount in

controversy was satisfied based on Ms. Stevenson's allegations that she recently

2

underwent hip and back surgery, had extensive medical requirements, and had extraordinary health-related expenses.  Docket No. 1 at 3.  Defendant also argued that, because Ms. Stevenson was removed from defendant-sponsored insurance on January 1, 2013, Ms. Stevenson's medical expenses had been accruing for at least six months. *Id.*

Ms. Stevenson filed a motion to amend her complaint and remand this case. Docket No. 18.  On January 6, 2014, the Court accepted Ms. Stevenson's amended complaint for filing.  Docket No. 42.  Ms. Stevenson deleted her claims for injunctive relief and breach of contract; thus, the only claims remaining in the amended complaint are aiding and abetting breach of fiduciary duty, civil conspiracy, and a monetary judgment for failure to comply with the writ of garnishment.  Docket No. 20 at 3-6.

In arguing for a remand, Ms. Stevenson challenges the Court's subject matter jurisdiction.  Docket No. 18; *see* 28 U.S.C. § 1447(c).  Ms. Stevenson argues that, because the amended complaint contains no claims related to defendant's health insurance plan, federal question jurisdiction no longer exists and the case should be remanded.  Docket No. 18 at 9.  With regard to diversity jurisdiction, Ms. Stevenson argues that the amended complaint contains no basis upon which she could recover the jurisdictional threshold of $75,000.  *Id.* at 8.

## II.  MOTION TO REMAND

The Court first turns to the issue of diversity jurisdiction.  The Court is required to remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); *see Miller v.*

*Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006) ("[t]he two categories of remand within § 1447(c) . . . are remands for lack of subject matter jurisdiction and for defects in removal procedure").  Diversity jurisdiction exists when the case involves a dispute between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).  To meet the diversity requirement, there must be complete diversity between plaintiff and all defendants, meaning that no defendant can be from the same state as any plaintiff.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Here, Ms. Stevenson is a citizen of Colorado and defendant is a corporation incorporated in Delaware, with its principal place of business in Illinois.  Docket No. 1 at 2, ¶¶ 6-7; *see* § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it was been incorporated and the State or foreign state where it has its principal place of business").  Thus, the complete diversity requirement is met.

The amount in controversy is ordinarily determined by the allegations in the complaint or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  When, as here, "the plaintiff's damages are unspecified, courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence."  *Id*. (citations omitted).[3]  The Tenth Circuit has held that:

> a proponent of federal jurisdiction must, if material factual allegations are

---

[3]Ms. Stevenson's original complaint, filed in the District Court for the City and County of Denver, was required to comply with the Colorado Rules of Civil Procedure, which provide that "[n]o dollar amount shall be stated in the prayer or demand for relief." Colo. R. Civ. P. 8(a).

contested, prove those jurisdictional facts by a preponderance of the evidence.  Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal.  Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.

*McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).  Defendants need only "affirmatively establish jurisdiction by proving jurisdictional *facts* that ma[k]e it *possible* that $75,000 [is] in play" at the time of removal.  529 F.3d at 955 (emphasis in original); *see also Emland Builders, Inc. v. Shea*, 359 F.2d 927, 929 (10th Cir. 1966) (amount in controversy is determined at the time the case is removed to federal court).

Defendant relies on its Notice of Removal and Ms. Stevenson's complaint, arguing that the amount in controversy requirement is satisfied because Ms. Stevenson's breach of contract claim would expose defendant to monetary liability for Ms. Stevenson's hip and back surgeries, "extensive medical requirements," and any medical expenses Ms. Stevenson incurred after January 1, 2013, the date upon which Ms. Stevenson was dropped from defendant's insurance.  Docket No. 30 at 7.  Plaintiff's breach of contract claim alleged that Ms. Stevenson was a beneficiary of the employment agreement between Mr. Stevenson and defendant, an agreement which provided her with health insurance.  Docket No. 1-1 at 5, ¶¶ 31-34.  Ms. Stevenson claimed that, by refusing to fill out the REI form, defendant violated the implied covenants of good faith and fair dealing.  *Id.*  Ms. Stevenson's original complaint alleged that she was legally disabled, recently underwent hip and back surgeries,

suffered from chronic pain, had extensive medical requirements, and that "her health-related expenses [were] extraordinary."  Docket No. 1-1 at 2 ¶ 10.  Thus, damages flowing from defendant's alleged breach could include Ms. Stevenson's health-related expenses accruing after January 1, 2013, the date upon which she was dropped from defendant-sponsored health insurance.

Ms. Stevenson's claim for injunctive relief is "measured by the value of the object of the litigation."  *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).  In these cases, the Tenth Circuit follows the "either viewpoint rule," under which the amount in controversy is determined by "either the value to the plaintiff or the cost to the defendant of injunctive and declaratory relief."  *Id*.  Here, Ms. Stevenson alleged that she needed defendant to complete the REI form before she could acquire Medicare coverage; thus, the object of the litigation appears to be health insurance. Docket No. 1-1 at 2, ¶ 11.  The value of health insurance to Ms. Stevenson after she was dropped from defendant's insurance plan is likely to be considerable given her medical conditions and expenses.[4]

Although defendant's Notice of Removal and response brief fail to mention Ms. Stevenson's additional claims, such claims do not diminish the amount at stake in this litigation.  The amount that Ms. Stevenson sought for defendant's alleged failure to comply with the writ of garnishment is unclear from both the original complaint and

---

[4]There is no indication that defendant's cost of complying with the requested injunction would be significant given that the REI form is only one page in length. Docket No. 18 at 2, ¶ 2.

defendant's Notice of Removal.  *Id.* at 5.  However, Ms. Stevenson also sought

damages on her claims for aiding and abetting breach of fiduciary duties and civil

conspiracy, where Ms. Stevenson alleged that defendant assisted in Mr. Stevenson's

breach of fiduciary duty with respect to the handling of marital assets.  *Id.* at 5-6.  Ms.

Stevenson requested punitive and exemplary damages as well.  *Id.* at 3, ¶ 15.

Therefore, provided that Ms. Stevenson was able to prove the existence of fraud,

malice, or willful and wanton conduct, she could recover an amount equal to the actual

damages recovered.  *See* Colo. Rev. Stat. § 13-21-102.  *See Woodmen of World Life*

*Ins. Society v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) ("Punitive damages

may be considered in determining the requisite jurisdictional amount.").

Based on the allegations in plaintiff's original complaint, the Court finds that

defendant has met its burden.  The Court finds it more likely than not that

compensatory damages could include costs associated with plaintiff's surgeries and

medical expenses accruing since January 1, 2013.  *See McPhail*, 529 F.3d at 955 ("the

defendant may rely on an estimate of the potential damages from the allegations in the

complaint").  Thus, whether viewed as damages flowing from defendant's alleged

breach of contract or as the value of health insurance to Ms. Stevenson from the point

at which she lost coverage, the amount at stake in this litigation is considerable based

on Ms. Stevenson's health-related expenses alone.  Additionally, Ms. Stevenson stood

to recover actual and exemplary damages from defendant for aiding and abetting

breach of fiduciary duty and civil conspiracy.  As such, the Court is satisfied that the

amount in controversy exceeded $75,000 on the date this case was removed.

Because defendant has established sufficient jurisdictional facts, Ms. Stevenson must now show, to a legal certainty, that the amount in controversy is less than $75,000.  *See McPhail,* 529 F.3d at 955.  In arguing that the jurisdictional threshold has not been met, Ms. Stevenson presents evidence of a settlement offer of $50,000 she communicated to defendant on June 20, 2013.  Docket No. 18 at 8, Docket No. 18-1.  A plaintiff's proposed settlement reflecting a reasonable estimate of plaintiff's claim "'is relevant evidence of the amount in controversy.'" *McPhail*, 529 F.3d at 956 (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)).  However, plaintiff's counsel did not communicate the settlement offer until after defendant filed its Notice of Removal.  *See* Docket No. 18-1; Docket No. 1-1.  Because the amount in controversy is determined when a notice of removal is filed, any subsequent valuation of damages is generally irrelevant.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 ("economic analysis of [plaintiff's] claims for damages, prepared after the motion for removal . . . does not establish the existence of jurisdiction at the time the motion was made"); 14C Charles Alan Wright et al., Federal Practice & Procedure § 3725.1 (4th ed. 2013) ("satisfaction of the amount-in-controversy requirement generally is determined on the basis of the record existing at the time the notice of removal . . . is filed with the district court").[5]  Thus, the Court finds that Ms. Stevenson's settlement offer does not show, to

---

[5]Although Ms. Stevenson does not provide evidence indicating that $50,000 is a reasonable estimate of her claim, a plaintiff's good faith settlement offer is one means of establishing the amount in controversy requirement.  *See McPhail*, 529 F.3d at 956.  Ms. Stevenson, however, cites no authority to support her argument that a settlement offer is entirely determinative of the amount in controversy.  Thus, even if the Court were to consider Ms. Stevenson's settlement offer as indicative of the amount in controversy at the time of removal, it is insufficient to defeat jurisdiction when balanced with defendant's showing of jurisdictional facts.

a legal certainty, that the amount in controversy was less than $75,000 on the date defendant filed its Notice of Removal.

For the same reasons, Ms. Stevenson's deletion of claims for injunctive relief and breach of contract do not defeat jurisdiction at this juncture.  Ms. Stevenson did not move to amend her complaint until July 22, 2013 – more than a month after the case was removed.  *See* Docket No. 18.  Federal courts retain jurisdiction over a properly removed case even if a later event, such as a "subsequent reduction of the amount at issue below jurisdictional levels, destroys previously existing jurisdiction." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 391 (1998) (citations omitted); *see, e.g., St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."); *Berry v. Maschhoffs, Inc.*, 2011 WL 5188932, at *1 (W.D. Okla. Nov. 1, 2011) (jurisdiction, after a subsequent reduction of the amount at issue, will be kept by a federal court if at the time of removal the case fell under the court's original jurisdiction).  Even if, after deleting the aforementioned claims, Ms. Stevenson can no longer recover more than $75,000, the Court retains diversity jurisdiction over this action.

The Court is satisfied that defendant has provided sufficient jurisdictional facts to show that the amount in controversy exceeded $75,000 at the time this case was removed.  The Court finds that Ms. Stevenson has failed to show, to a legal certainty, that the amount in controversy was less than $75,000; thus, the Court will retain jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Because the Court retains diversity jurisdiction over this action, the Court need not reach the issue of whether

9

there exists any remaining basis for exercising federal question jurisdiction.

## III. MOTION TO STRIKE

In arguing that the amount in controversy requirement was not satisfied, Ms. Stevenson produced an email exchange between plaintiff's counsel and defense counsel concerning the possibility of settlement.  Docket No. 18-1.  According to the email exchange, defense counsel rejected plaintiff's initial settlement offer of $50,000 and made a counter offer.  Docket No. 18-1 at 2.  Defendant argues that plaintiff improperly referenced confidential settlement communications in her motion to remand and asks the Court to strike from the record defense counsel's email and any references to the defendant's settlement offer.  Docket No. 31 at 1.

As noted above, a valuation of damages subsequent to removal is generally not relevant to determining the amount in controversy at the point in which the case was removed.  *See Laughlin*, 50 F.3d at 873.  Moreover, although a plaintiff's offer of settlement can be used to establish the amount in controversy, the Court is aware of no authority stating that defendant's offer of settlement is entitled to the same presumption.  *Cf. McPhail*, 529 F.3d at 956 ("documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal").  Accordingly, the Court did not consider evidence of defendant's settlement offer in resolving Ms. Stevenson's motion to remand.  Thus, the Court need not consider the question of striking evidence of defendant's settlement communications.  Defendant's motion to strike is denied as moot.[6]

---

[6]As defendant points out, the disclosure of confidential settlement communications implicates important policy considerations.  The Court's ruling does not

**IV.  CONCLUSION**

For the foregoing reasons, it is

**ORDERED** that the portion of plaintiff's Motion for Leave to File Amended

Complaint and for Remand [Docket No. 18] seeking an order remanding this case is

**DENIED** as indicated in this order.  It is further

**ORDERED** that defendant's  Motion to Strike Portions of Plaintiff's Motion for

Leave to File Amended Complaint and for Remand [Docket No. 31] is **DENIED** as

moot.

DATED February 27, 2014.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

foreclose defendant from requesting other forms of relief with respect to the disclosure
of defendant's settlement offer.