IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–01609–PAB–KMT

TRACY LYNN STEVENSON,

    Plaintiff,

v.

SCHNEIDER ELECTRIC U.S.A., INC.,

Defendant.

---

**ORDER**

---

    This matter is before the court on the "Status Report" [Doc. No. 54] filed March 6, 2014. The court asked the parties to file such a status report subsequent to District Court Judge Phil Brimmer's ruling on certain motions in order to determine if discovery issues had been impacted and if the scheduling in the case required modification.

    In her original complaint, Ms. Stevenson sought injunctive relief requiring Defendant to complete a medical health record form and brought additional claims of breach of contract, aiding and abetting breach of fiduciary duties, civil conspiracy, and request for a monetary judgment for failure to comply with a writ of garnishment.  [Doc. No. 1-1 at 3-6.]  Ms. Stevenson also sought exemplary and punitive damages. *Id.* at 7.

    Plaintiff's Amended Complaint [Doc. No. 20] was accepted for filing on January 6, 2014. [Doc. No. 42.]  In the Amended Complaint Ms. Stevenson deleted her claims for injunctive relief

and breach of contract; thus, the only claims remaining in the Amended Complaint are aiding and abetting breach of fiduciary duty, civil conspiracy, and request for a monetary judgment for failure to comply with the writ of garnishment.   [Doc. No. 20 at 3-6.]

On February 27, 2014, Judge Brimmer denied the Plaintiff's motion for remand to the state court and found that diversity jurisdiction in the federal court was appropriate.   [Doc. No. 52.] As a result of his finding in favor of diversity jurisdiction, Judge Brimmer did not reach the issue of federal question jurisdiction pursuant to ERISA.   The Defendant, claiming the case is governed by ERISA, filed a renewed Motion to Dismiss based on failure to state a claim.   No stay of discovery was ever requested by either party or granted by the court.

When a case has been removed from a state court and a pending motion for remand may alter the venue, this court generally takes the position that discovery – whether in state or federal court – must be conducted in any event.   Therefore, stays on discovery are not generally obtained under these circumstances.   The parties are expected to continue with discovery in federal court with the general expectation that documents and testimony obtained will have the same value in the case irrespective of which court ultimately resolves the issues.   *See Chavez v. Young American Ins. Co.*, 2007 U.S. Dist. LEXIS 15054 (D. Colo. Mar. 2, 2007) (A stay of all discovery is generally disfavored in the District of Colorado.); *Ruampant v. Moynihan*, 2006 U.S. Dist. LEXIS 57304 (D. Colo. Aug. 14, 2006) (same).

The fact that Plaintiff was allowed to file an Amended Complaint in January, 2014, does not alter the analysis.   Here, the Plaintiff merely declined to pursue some of the original claims. This change in no way alters the necessary discovery, albeit the claims – and by extension the

[2]

evidence necessary to promote or defend against those claims – have been narrowed.  There has been no indication to this court that the Plaintiff has submitted discovery requests to Defendant which have been objected to on the basis that the claims are controlled by ERISA.  Neither party has filed a Motion to Compel or a Motion for Protective Order concerning disputed discovery.  Even if ERISA applies in this case, there were always claims pending upon which discovery outside the Administrative Record could have been appropriate.

Neither party has filed a Motion to Amend the dates set forth in the Scheduling Order nor has either provided any grounds to support extensions of previously established dates.  See D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate document.")  Therefore the Scheduling Order [Doc. No. 41, filed September 24, 2013] controls scheduling in the case and the court sees no reason to set a further scheduling hearing.

Dated this 10th day of March, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge