IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01609-PAB-KMT

TRACY LYNN STEVENSON,

     Plaintiff,

v.

SCHNEIDER ELECTRIC U.S.A., INC.,

     Defendant.

---

## ORDER

---

This matter is before the Court on the Defendant's Renewed Motion to Dismiss Plaintiff's ERISA Claims [Docket No. 46] filed by defendant Schneider Electric USA, Inc.

## I. BACKGROUND[1]

On May 13, 2013, plaintiff filed this action in the District Court for the City and County of Denver, Colorado.  Docket No. 1 at 1.  Plaintiff indicates that she is legally disabled and has had surgery on her hip and back.  Docket No. 20 at 2, ¶ 10.  Plaintiff and her husband, Ronald Stevenson, divorced in 2003.  *Id.* at 2, ¶ 7.  After the divorce, plaintiff continued to be covered on her ex-husband's medical insurance, which was provided through defendant.  *Id.* at 2, ¶¶ 8-9.  In 2012, Mr. Stevenson removed plaintiff from such coverage.  *Id.*  In order to acquire substitute health insurance coverage through Medicare, plaintiff needed defendant to complete a "Request for Employment

---

[1]The following factual allegations are taken from plaintiff's amended complaint and, for the purposes of resolving this motion, are presumed true.

Information" ("REI") form. *Id.* at 2, ¶ 11.  Plaintiff claims that defendant refused to complete the REI form, but vaguely suggests that defendant completed the form after plaintiff filed this case.  *Id.* at 2, ¶ 12.  On November 1, 2012, plaintiff served defendant with a writ of continuing garnishment pursuant to the divorce action between plaintiff and Mr. Stevenson, with which defendant has not entirely complied.  Docket No. 20 at 3-4, ¶ 13, 23.

In her original complaint, Ms. Stevenson sought injunctive relief, requiring defendant to complete the REI form, and brought additional claims of breach of contract, aiding and abetting breach of fiduciary duties, civil conspiracy, and a monetary judgment for failure to comply with the writ of garnishment.  Docket No. 1-1 at 3-6. Defendant filed a motion to dismiss, arguing that plaintiff's claims were preempted by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*  Docket No. 15.  Plaintiff subsequently filed an amended complaint and defendant's motion was denied as moot.  *See* Docket No. 43.  Plaintiff's amended complaint contains a claim for monetary judgment based on the failure to comply with the writ of garnishment, a claim for aiding and abetting breach of fiduciary duties, and a claim for civil conspiracy.  Docket No. 20 at 3-5.  Defendant filed a renewed motion to dismiss, which is substantially identical to its original motion to dismiss.  *Compare* Docket No. 15, *with* Docket No. 46.  Defendant again argues that, pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's second claim for relief for aiding and abetting a breach of fiduciary duty and plaintiff's third claim for relief for civil conspiracy are completely preempted by ERISA's civil enforcement provision.  Docket No. 46 at 4.  Defendant

also argues that plaintiff's second and third claims for relief are therefore converted into claims under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), and, as such, should be dismissed for failure to state a claim.  Docket No. 46 at 8.

## II.  STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (alteration marks omitted ); *see also Mein v. Pool Co. Disabled Int'l Emp. Long Term Disability Benefit Plan, Pool Co., Inc.*, 989 F. Supp. 1337, 1344 (D. Colo. 1998) (considering preemption argument in resolving Fed. R. Civ. P. 12(b)(6) motion to dismiss).

## III.  ERISA PREEMPTION

Defendant has the burden of establishing the preemption defense, which, as a threshold matter, requires a defendant to show that the applicable benefit plan is offered by an employer engaged in interstate commerce.  *Settles v. Golden Rule Ins.*

*Co.*, 927 F.2d 505, 508 (10th Cir. 1991); *see also Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 492 n.4 (9th Cir. 1988) ("Because [defendant's] claim of ERISA preemption is a federal defense in this lawsuit, the burden is on the defendant to prove the facts necessary to establish it" (citation omitted)).   The amended complaint contains no allegations upon which to base a conclusion that defendant is engaged in interstate commerce.   *Cf. Settles*, 927 F.2d at 508 (holding that plaintiff pled sufficient facts "to support the conclusion that [defendant] participated in business affecting interstate commerce" so as to concede that ERISA was applicable).   Instead, defendant asserts that defendant's welfare benefit plan ("defendant's plan") is governed by ERISA and that defendant is a plan administrator as the term is defined under ERISA.   Docket No. 46 at 3.   However, "[j]ust because a plan exists . . . does not mean that it is an ERISA plan" and the amended complaint contains no mention of the plan itself and no allegations to support either of defendant's assertions.   *See Gaylor v. John Hancock Mut. Life Ins. Co.*, 112 F.3d 460, 464 (10th Cir. 1997).   Moreover, the amended complaint contains no facts upon which defendant can establish the definitional elements of an ERISA plan, which are "(1) a plan, fund, or program (2) established or maintained (3) by an employer (4) for the purpose of providing health care or disability benefits (5) to participants or their beneficiaries."   *Id.* (quotations omitted).   Defendant has therefore failed to establish that it is entitled to the ERISA preemption defense.

The premise of defendant's argument, that its only relationship with plaintiff was through its welfare benefit plan, is not without common sense appeal.   The amended complaint is vague concerning how the duties underlying plaintiff's claims arose and contains few allegations that otherwise explain the factual basis for plaintiff's claims.

4

However, defendant does not attack the complaint on vagueness grounds.[2]  Defendant

attaches a copy of the relevant plan to its motion and urges that "[b]ecause Schneider

Electric's Plan is referred to in the Amended Complaint and is central to Ms.

Stevenson's claims, the Court may consider the Plan document without converting this

Motion into a motion for summary judgment."  Docket No. 46 at 3.  However, as noted

above, defendant's plan documents are not "explicitly referenced in the complaint" and

therefore the Court cannot consider them without converting defendant's motion to

dismiss into a motion for summary judgment, which the Court declines to do.  *See*

*Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215-16 (10th Cir. 2007) (holding that

converting Rule 12(b)(6) motion to motion for summary judgment should only be done

after the parties have had a reasonable opportunity to present material made pertinent

to such a motion).  Thus, it is inappropriate for the Court to consider the plan

documents attached to defendant's brief in resolving the present motion.[3]  Rather, it is

more appropriate for the Court to consider defendant's arguments on a more complete

record.

----

[2]Defendant argues, for the first time in its reply brief, that plaintiff's state law claims, if not preempted by ERISA, fail to "identify a source of a duty owed by Schneider Electric necessary to support her claims" and, as such, should be dismissed for failure to state a claim.  Docket No. 60 at 1, 3, 8.  Because this argument is raised for the first time in defendant's reply brief, the Court declines to consider it.  *See Tran v. Trustees of State Colleges in Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004) ("Issues not raised in the opening brief are deemed abandoned or waived.").

[3]Even if the Court were to consider the plan documents, which mention ERISA and state that participants are "entitled to certain rights and protection under [ERISA]," Docket No. 16-3 at 53-54, defendant does not fully explain how the plan documents are, by themselves, sufficient to establish that defendant's plan is governed by ERISA.  *See Gaylor*, 112 F.3d at 464.

5

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Renewed Motion to Dismiss Plaintiff's ERISA

Claims [Docket No. 46] is **DENIED**.


DATED September 10, 2014.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge