IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–01609–PAB–KMT

TRACY LYNN STEVENSON,

    Plaintiff,

v.

SCHNEIDER ELECTRIC U.S.A., INC.,

Defendant.

---

**ORDER**

---

This matter is before the court on "Plaintiff's Motion for Reconsideration of Discovery Ruling" [Doc. No. 78] filed December 14, 2014. The court heard oral argument on these issues on November 17, 2014, is well aware of the defendant's opposition to the extension of any discovery period and the reasons for the defendant's position. Therefore, further briefing will not be beneficial to the court.

On November 17, 2014, the parties participated in a Scheduling/Status Conference following District Judge Phil Brimmer's ruling on Defendant's then pending Motion to Dismiss. At that time, the previously set discovery deadline was long elapsed and the court declined to grant additional discovery. The Plaintiff asked for an opportunity to submit argument in favor of allowing more discovery, which the court granted. For the reasons set forth herein, the court has reconsidered its position.

This case was opened by the defendant's removal of Plaintiff's Complaint from Denver District Court on June 19, 2013.  Defendant filed its original motion to dismiss on July 17, 2013 [Doc. No. 15], several months before the original scheduling conference ultimately held on September 24, 2014.  Within days of the filing of the motion to dismiss, Plaintiff filed its motion to remand on July 22, 2013, seeking to return the case to state court.  [Doc. No. 18].  Plaintiff also filed an Amended Complaint on July 22, 2013, however that pleading was not allowed by the court until January 6, 2014.  [Doc. No. 42.]  Therefore, both the motion for remand and the motion to dismiss were pending at the time this court conducted the scheduling conference.

At the scheduling conference, the date for completion of all discovery was set for March 24, 2014.  [Doc. No. 41, Scheduling Order].

On January 6, 2014, after the District Court issued its ruling allowing the filing of the Amended Complaint, the court also denied Defendant's motion to dismiss as moot, clearing up six months of murky pleading status.[1]  The defendant characterized the operative Amended Complaint as "eliminate[ing] the claims for an injunction and for breach of contract, leaving only the claims for monetary judgment related to a writ of garnishment; aiding and abetting; and civil conspiracy."  [Doc. No. 46 at 2.]

On Jan 23, 2014, Defendant filed a renewed partial motion to dismiss Plaintiff's second and third claims in the Amended Complaint, but not the first claim, "Monetary Judgments Based on Failure to Comply with Writ(s) of Garnishment" [Am. Comp. at 3.]

---

[1] Resolving the last of the uncertainty, Plaintiff's motion for remand was denied on Feb. 27, 2014.

[2]

On the issue of discovery, in the joint status report filed by the parties on March 6, 2014 [Doc. No. 54], the defendant stated

> "Defendant reiterates its position, as stated at the Scheduling Conference, that the standard Civil Case Scheduling Order, rather than the Scheduling Order in an ERISA Action, is the proper Scheduling Order in this case. This is because Plaintiff has made a claim for breach of fiduciary duties, and discovery outside the Administrative Record is permitted for ERISA claims that do not state claims for benefits, which are subject to administrative review. *See, e.g., Erickson v. Lincoln Nat. Life Ins. Co.,* No. 11 -CV-00394-PAB-BNB, 2011 WL 5439810, **1-2 (D. Colo. Nov.9, 2011) (citing *Murphy v. Deloitte & Touche Grp. Ins. Plan,* 619 F.3d 1151, 1158 (10th Cir. 2010)).

*Id*. at 2-3. Plaintiff's position was

> Because the Amended Complaint was not accepted for filing until January 6, 2014 and the Defendant has re-filed its motion to dismiss (in the Renewed Motion to Dismiss, Docket No. 46) *without* filing an *answer,* the discovery cut-off under the current Scheduling Order is about to expire prior to the Defendants formal commitment to a position in this matter. Indeed, it may still be possible for Defendant to file cross-claims or counter-claims.

*Id.* at 4 (emphasis in original).

The plaintiff, never abandoning her position that review of Defendant's answer and affirmative defenses was necessary prior to undertaking discovery, accurately sensed a looming problem and filed an emergency motion to stay on March 11, 2014. [Doc. No. 56] A stay was granted on March 25, 2014, one day after the original discovery cutoff. On September 10, 2014, District Judge Brimmer denied the Defendant's renewed motion to dismiss [Doc. No. 68] and the stay was lifted on September 23, 2014.

During the period between the removal of the case in June, 2013 through September 29, 2014, when the Defendant finally filed its Answer, Defendant had the benefit of notice of the factual basis underlying Plaintiff's claims and, until the stay, was able to take discovery on any

[3]

aspect of the claims against it.   While Plaintiff had the same period of time available to it for discovery, during this eventful time period Plaintiff was tasked with 1) pursuing amendment of her Complaint for which she did not receive a ruling allowing the amendment until five and one-half months after filing; 2) enduring six and a half months of limbo with respect to her motion to remand; 3) responding to a motion to dismiss that would very likely be mooted if her Amended Complaint, docketed two months before the scheduling conference, was allowed under the liberal reading of Fed. R. Civ. P. 15; and, 4) proceeding without the benefit of Defendant's Answer and affirmative defenses.

In the status report filed on September 22, 2014, Defendant stated its opposition to any extension of the discovery period for the benefit of Plaintiff, who had apparently not conducted any affirmative discovery up to that date.   However, Defendant correctly noted that Plaintiff had complied with discovery propounded against it (albeit not to the satisfaction of Defendant), and Plaintiff's counsel had defended Plaintiff's deposition.   *See* [Doc. No. 69 at ¶ 4] (Defendant stated that it had, prior to the discovery cut-off date, "served written discovery, deposed Plaintiff, and notified Plaintiff of deficiencies in her discovery responses.")

While Plaintiff could have engaged in its own discovery against the Defendant, given the unique circumstances of this case and the relationship – or more exactly, the non-relationship – of the parties, the exact nature of the discovery needed from the defendant might not have been pellucid to the plaintiff without notice of the defendant's answer and affirmative defenses.

Therefore, having examined the procedural history in detail as noted above, the court agrees with the Plaintiff that depriving her of post-answer discovery would be extremely

[4]

prejudicial and unwarranted given the unfolding of the case to date.  That prejudice far outweighs the inconvenience, in any, to the Defendant in requiring it to respond to focused and particularized discovery now that the defendant's motion to dismiss has been denied and its Answer filed. Therefore, this court reconsiders its previous order disallowing further discovery in this case and shall re-open discovery for all parties.

It is **ORDERED**

"Plaintiff's Motion for Reconsideration of Discovery Ruling" [Doc. No. 78] is **GRANTED**.  The following new discovery deadlines are set with respect to discovery in this case.

| | |
|---|---|
| Discovery Cut Off | April 14, 2015 |
| Dispositive Motions Deadline | May 14, 2015 |
| Affirmative Expert Disclosure | February 16, 2015 |
| Rebuttal Expert Disclosure | March 16, 2015 |

Dated this 16th day of December, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge