THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:13-cv-01609-PAB-KMT

TRACY LYNN STEVENSON,
    Plaintiff,

v.

SCHNEIDER ELECTRIC U.S.A., INC.
    Defendant.

**STIPULATED PROTECTIVE ORDER**

Plaintiff Tracy Lynn Stevenson ("Stevenson") and Schneider Electric U.S.A., Inc. ("Schneider Electric"), stipulate to and move for the entry of a Protective Order governing the treatment and handling of documents, depositions, deposition exhibits, recorded telephone conversations, transcripts of telephone conversations, hard drives, responses to discovery requests, inspections, examinations of premises, facilities, and physical evidence, electronically stored information (including metadata) and any other information produced, given or exchanged by and among the parties and non-parties to this action (collectively, "Discovery Material") during discovery in this case.

I.    **RECITALS**

A.    The allegations and causes of action set forth in the Plaintiff's Verified Complaint arise from, in general terms, (1) Schneider Electric's alleged failure to garnish the wages of Schneider Electric employee Ronald Stevenson, Stevenson's ex-husband; and (2) Schneider Electric's alleged aiding and abetting of Mr. Stevenson's breach of fiduciary duties to Stevenson

and conspiracy to commit same.

  B. Some of the information the parties will seek or develop through discovery in this case may contain or consist of information that the producing party may claim is confidential, proprietary, or trade secret information and therefore, is entitled to protection.

  C. The parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving, and without waiving, any evidentiary protections or privileges applicable to the information contained in the Discovery Material.

  D. The parties also agree to be bound by the provisions of FRE 502(d) and (e), which they incorporate by reference.

  E. Nothing in this Order is intended, nor shall it be construed, as either a waiver or an admission that specific information is admissible or contains either confidential, proprietary business information, or trade secrets.  This Order is simply a procedural mechanism to facilitate the discovery process and/or provide protections concerning information exchanged between and among the parties in this case.  No part of this Order shall be used as evidence that any party has either waived or admitted to any claims solely by virtue of the act of producing information or designating information as "Confidential" under this Order.

  F. Since the purpose of this Order is to protect Discovery Material, the parties agree that they are bound by this Order from the date their respective counsel have signed it.

  G. Based on these recitals and the terms of disclosure that follow, the parties have agreed to: (i) facilitate the full and fair production of information that the producing party may claim is entitled to confidential treatment; and, (ii) govern the return of inadvertently produced

documents and data, affording them the protections of FRE 502(d) and (e), on the terms set forth in this Stipulation.

## II.   DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

A.   "Confidential Discovery Material" means Discovery Material designated as "Confidential" under the terms of this Order.

B.   "Designating Party" means the party who wishes to designate or has designated Discovery Material as Confidential Discovery Material.

C.   "Discovery Material" means all documents, depositions, deposition exhibits, recorded telephone conversations, transcripts of telephone conversations, hard drives, responses to any discovery requests, responses to any subpoenas *duces tecum*, inspections, examinations of premises, examinations of facilities, physical evidence, electronically stored information (including metadata), witness interviews, and any other information produced, or otherwise given or exchanged by and among the parties and non-parties to this action during discovery.

D.   "Producing Party" means any party or non-party to this action producing Discovery Material.

E.   "Receiving Party" means the party receiving Discovery Material.

## III.   TERMS

A.   Confidential Discovery Material.

Any Producing Party or Designating Party may designate any Discovery Material as "Confidential" under the terms of this Order. The burden shall be on the Designating Party to

demonstrate, when and if a designation is challenged, that the Discovery Material contains non-public, proprietary, commercially sensitive, competitively sensitive, trade secret, personal information, or other confidential information that requires the protections provided in this Order. Subject to the foregoing, Confidential Discovery Material may include, but is not limited to, the following types of information:

    1. Non-public personal information, including medical information, contact information, credit or debit card numbers, social security numbers, drivers' license numbers, benefit information, personally identifying information, and bank or financial account information or password information.

    2. Non-public information relating to Schneider Electric's business operations, policies, and procedures;

    3. Any material of a confidential nature, including, without limitation, agreements, business rules, customer lists, customer profiles, customer information, customer complaint and satisfaction information, policies, financial information, compensation information, plans, formulae, personnel information, and records relating to confidential internal investigations;

    4. Non-public revenue, cost, income, pricing, margin, profit, loss, income statements, balance sheets, cash flow, sources and uses of cash, cash differences, or other non-public financial data;

    5. Any other material qualifying for protection under any other federal or state law, including the Uniform Trade Secrets Act, C.R.S. § 7-74-101 *et seq*.

    B.    <u>Designation Procedure</u>.

The designation of Discovery Material as "Confidential" for purposes of this Order shall be made in the following manner by any Designating Party:

1. In the case of the production of documents, by stamping each and every page to be designated "Confidential" with the applicable legend "Confidential."

2. In the case of inspection of documents, within ten (10) days after the inspecting party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions of documents, qualify for protection under this Order, and the Producing Party must stamp each and every page to be designated "Confidential" with the applicable legend "Confidential."

3. In the case of deposition or other pretrial testimony, by a statement on the record by counsel, at the time the testimony is given, that particular testimony is "Confidential." Confidential testimony may also be designated by written notice to the court reporter and counsel of record for all other parties, specifying by page and line number the material to be classified as Confidential. To be effective, the notice must be sent within thirty (30) days of the date on which the Designating Party received a copy of the transcript. In either event, counsel shall direct the court reporter and the Receiving Party to affix the appropriate confidentiality stamp to any portion of the original transcript and all copies of the transcript. Those portions of the transcript so designated shall be deemed "Confidential Discovery Material." Depositions or other pretrial testimony shall be treated as confidential during the 30-day designation period described above.

4. In the case of mutually agreed upon joint witness interviews (should any be agreed to), by a statement of counsel during the interview and, following the interview, by a

letter stating that the interview or any portion of the interview is "Confidential."

      5.    In the case of any other production of Discovery Material not otherwise specifically identified above, a written statement made by counsel of the Designating Party to counsel for the other parties to this action, identifying the Discovery Material that is "Confidential."

      6.    The parties to this Order may modify the procedures set forth in paragraphs (1)-(5) above through agreement of counsel on the record at a deposition or, in the case of an interview, in the presence of counsel attending the interview, or by agreement in writing, without further order of the Court.

      7.    A Designating Party must take care and exercise good faith to designate for protection only those parts of Discovery Material that qualifies for protection.

    C.    <u>Disclosure of Confidential Discovery Material</u>.

Confidential Discovery Material, and information derived from Confidential Discovery Material, shall be used solely for purposes of this action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding. Discovery Material designated as "Confidential" may be disclosed, summarized, described, characterized, otherwise communicated, or made available only to the following persons:

      1.    The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal from this action;

      2.    Any named party, counsel to a party (whether or not they have entered

appearances in this action), in-house counsel for corporate parties, and legal, clerical, paralegal and secretarial staff employed or retained by outside or in-house counsel, including outside copying services;

    3.    Experts or consultants retained by counsel in connection with this action, only for the purpose of enabling the expert or consultant to prepare a written opinion, to prepare to testify and testify at trial, hearings or depositions in this case, or to otherwise assist counsel in the prosecution or defense of this action. Before receiving any Confidential Discovery Material, the consultant or expert shall agree to be bound by the terms and conditions of this Order, consenting to the jurisdiction of the Court for purposes of enforcement of the terms of this Order, and agreeing not to disclose or use the Confidential Discovery Materials for purposes other than those permitted by this Order.

    4.    A deposition witness questioned by any counsel of record for a party in connection with this action, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that (i) the witness agrees to be bound by the terms of this Order, or (ii) if the witness refuses to be bound by this Order and the witness' refusal is noted on the deposition record, counsel provides the witness with a copy of this Order, informs the witness that the information to be communicated is Confidential, subject to the Protective Order in this case, may be used only in connection with that deposition, may not be communicated to any other person, that the witness is subject to the Protective Order, and that any misuse of the Confidential Discovery Material will violate the Order.

    5.    The claims counsel or representative of any insurer of any party, provided that (1) the disclosure is made only in connection with a claim for defense or indemnity arising

from this action, and (2) claims counsel or representative agrees to be bound by the terms of this Order.

      6.     Any individual identified by a party as a person with knowledge, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that the person agrees to be bound by the terms of this Order.

    D.    <u>Inadvertent Disclosure</u>

Pursuant to FRE 502(d) and (e), which are incorporated by reference, the Court orders protection of privileged and otherwise protected Discovery Material against claims of waiver (including as against third parties and in other federal, state, or administrative proceedings) as follows:

      1.     The disclosure or production of Discovery Material by a Producing Party subject to a legally recognized claim of privilege to a Receiving Party shall in no way constitute the voluntary disclosure of the Discovery Material.

      2.     The inadvertent disclosure or production of any Discovery Material in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with Discovery Material.  The inadvertent disclosure or production of any Discovery Material also shall not result in any waiver, including subject matter waiver, of any kind.

      3.     If, during the course of this litigation, a Receiving Party determines that any Discovery Material is or may reasonably be subject to a legally recognizable privilege or evidentiary protection:

          a.     The Receiving Party shall: (i) refrain from reading, reviewing or listening to the protected discovery material any more closely than is necessary to determine

whether it is privileged or otherwise protected from disclosure; (ii) immediately notify the Producing Party in writing that it has discovered Discovery Material believed to be privileged or protected; (iii) specifically identify the Discovery Material, and, (iv) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of the privileged or protected Discovery Material, along with any notes, abstracts or compilations of the content of the privileged or protected Discovery Material.  To the extent that privileged or protected Discovery Material has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the privileged or protected Discovery Material extracted from the database.  Where privileged or protected Discovery Material cannot be destroyed or separated, it shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

    b. If the Producing Party intends to assert a claim of privilege or other protection over Discovery Material identified by the Receiving Party, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of the intention to assert a claim of privilege in writing and shall provide the Receiving Party with a log of the privileged or protected Discovery Material, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of Discovery Material does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the material that omits the information that the Producing Party believes to be subject to a claim of privilege or other protection.

    c. Notwithstanding anything stated elsewhere in this Stipulation, the

Receiving Party is under no obligation to search or review the Producing Party's Discovery Material to identify potentially privileged or work product.

   4. If, during the course of this litigation, a Producing Party determines that it has produced privileged or protected Discovery Material:

    a. The Producing Party may notify the Receiving Party of the inadvertent production and request the return of privileged or protected documents. The notice shall be in writing; however, it may be delivered orally on the record at a deposition, and promptly followed up in writing. The Producing Party's written notice will contain a log identifying the Discovery Material inadvertently produced, the privilege or protection claimed, and the basis for the assertion of the privilege. In the event that any portion of the Discovery Material does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

    b. The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Discovery Material and any copies, along with any notes, abstracts or compilations of the content of the privileged Discovery Material. To the extent that Discovery Material has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where privileged or protected Discovery Material cannot be destroyed or separated, it shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

   5. To the extent that the information contained in Discovery Material has

already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice as set forth in paragraphs 3 and 4 above, the Receiving Party shall sequester the documents until the claim has been resolved. If the Receiving Party disclosed the Discovery Material subject to a claim of privilege or protection before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

6. The Receiving Party's return, sequestering or destruction of privileged Discovery Material as provided for in this Order will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

a. the disclosure or production of the Discovery Material acts as a waiver of an applicable privilege or evidentiary protection;

b. the disclosure of the Discovery Material was not inadvertent;

c. the Producing Party did not take reasonable steps to prevent the disclosure of the Discovery Material; or

d. the Producing Party failed to take reasonable or timely steps to rectify the error.

7. Upon a determination by the Court that the Discovery Material is protected by the applicable privilege or evidentiary protection, and if the Discovery Material has been sequestered rather than returned or destroyed by the Receiving Party, the Discovery Material shall be returned or destroyed within 10 (ten) days of the Court's order (except Discovery Material stored on back-up tapes or other archival media, which shall remain subject

to the terms of this Order). The Court may also order the identification by the Receiving Party of privileged or protected Discovery Material by search terms or other means.

8. Nothing contained in this Order shall limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before that information is produced to another party.

9. By operation of the parties' agreement and the Court's Order, the parties are specifically afforded the protections of FRE 502 (d) and (e), which are incorporated by reference.

E. Designation Disputes.

If any party objects to the designation of any Discovery Materials as "Confidential," the parties shall attempt to resolve the dispute in good faith on an informal basis. If they are unable to resolve the dispute informally, the objecting party may move for relief with respect to the challenged Discovery Materials. The Discovery Material shall continue to be deemed "Confidential" under the terms of this Order until the Court resolves the dispute. In any proceeding to change the designation of any Discovery Material, the burden shall be upon the Designating Party to establish the appropriateness of the "Confidential" classification. A dispute concerning confidentiality shall not otherwise impede the progress of discovery.

F. Use of Confidential Discovery Material in Proceeding.

1. When submitting any documents that contain information designated Confidential Discovery Material, the party submitting the documents must notify the Court of the designation. The materials shall be released from confidential treatment only upon further order

of the Court.

2. In the event that any Confidential Discovery Material is used in any proceeding or appeal in this action, counsel shall confer in good faith on procedures to protect the confidentiality of the material. No party, other than the party who designated the particular material as Confidential Discovery Material, shall offer Confidential Discovery Material into evidence, or otherwise tender Confidential Discovery Material to the Court, without first advising the Court and the Designating Party of its intent to do so. At that point, the Designating Party may seek protection from the Court as it deems appropriate, including the exclusion of persons and witnesses from the hearing. The use of Confidential Discovery Material in any proceeding shall not limit in any way the rights of any person to petition the Court for further protective measures as may be necessary to protect the confidentiality of the material.

G. <u>Additional Provisions</u>.

1. The provisions of this Order shall, absent written permission of a Designating Party or further order of the Court, continue to be binding throughout and after the termination of this action, including, without limitation, any appeals. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material was disclosed, all persons having received Confidential Discovery Material shall either: (1) return the material and all copies (including summaries and excerpts) to the Producing Party or its counsel or (2) destroy all the Confidential Discovery Material at issue and certify in writing to the Designating Parties or their counsel that the destruction has occurred. Counsel for the parties shall be entitled to retain proceeding papers, deposition and hearing transcripts, attorney work product, and copies stored on back-up

tapes or other archival media that contain Confidential Discovery Material or references to Confidential Discovery Material, <u>provided</u> that counsel, and employees of counsel, shall not disclose to any person nor use for any purpose unrelated to this action the Confidential Discovery Material except pursuant to a court order or agreement with the Designating Party.

    2.    If a Receiving Party is served with a subpoena, demand, or any other legal process seeking Confidential Discovery Material, that person shall give prompt written notice, by hand or email transmission within forty-eight (48) hours of its receipt of a subpoena, demand or legal process, to the Designating Party.  The Designating Party shall be solely responsible for seeking any relief or protection from any subpoena demand or legal process seeking Confidential Discovery Material and shall also be solely responsible for its costs and attorneys' fees in any proceedings relating to the subpoena or legal process.

    3.    In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Confidential Discovery Material until the newly joined party, by its counsel, or the newly appearing counsel has executed this Order and provided a copy of this Order to all other counsel in this action.

    4.    Neither this Order, the production or receipt of Confidential Discovery Material, otherwise complying with the terms of this Order, shall:

    a.    Limit or prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth in this Order constitute adequate protection for any particular information deemed by that party to be Confidential Discovery Material;

      b.      Limit or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any Discovery Material subject to this Order;

      c.      Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any confidential information the party asserts, or should be subject to other or further protection;

      d.      Prevent the parties to this Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided in this Order with respect to any particular Discovery Material; or

      e.      Limit or prejudice in any way the rights of a party to contest the designation of any Discovery Material as "Confidential."

5.      Nothing in this Order shall prevent the Designating Party, from using Confidential Discovery Material that the party produced and designated as Confidential Discovery Material in connection with this action.

6.      Nothing in this Order shall preclude any party from seeking additional or different protection from the Court, or from filing a motion about the manner in which Confidential Discovery Material should be treated at the hearing.

Once entered, this Order shall remain in effect unless and until the Court amend or extinguish it.

DATED this 2nd day of April, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

APPROVED: April 2, 2015

| | |
|---|---|
| *s/ Norman B. Beecher*_____ | *s/ Jennifer S. Harpole*_____ |
| Norman B. Beecher | Darren E. Nadel |
| The BEECHER LAW FIRM, LLC | Danielle L. Kitson |
| 3730 South Cathay Circle | Jennifer S. Harpole |
| Aurora, Colorado 80013-3622 | LITTLER MENDELSON |
| E-mail: normanbeecher@comcast.net | A Professional Corporation |
| | 1900 16th Street, Suite 800 |
| ATTORNEYS FOR PLAINTIFF | Denver, CO  80202 |
| TRACY LYNN STEVENSON | Telephone:  303.629.6200 |
| | E-mail:    dnadel@littler.com |
| | dkitson@littler.com |
| | jharpole@littler.com |
| | |
| | ATTORNEYS FOR DEFENDANT |
| | SCHNEIDER ELECTRIC USA, INC. |